# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-10167
Summary Calendar

UNITED STATES OF AMERICA,

                         Plaintiff-Appellee,

v.

BRYAN WAYNE CASON,

                         Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:06-CR-25-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

   Bryan Cason appeals his conviction by a jury of conspiracy to commit fraud in connection with the production of false identification documents and the pos-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

session of stolen mail, fraud and related activity in connection with unlawful production of false identification documents, possession of stolen mail, and tampering with a witness. He argues that the district court erred when it increased his offense level by two levels under U.S.S.G. § 3B1.1(c) for his role in the offense.

A defendant qualifies for an adjustment under § 3B1.1(c) if he was the organizer, leader, manager, or supervisor of at least one other participant. United States v. Lewis, 476 F.3d 369, 390 (5th Cir.), cert. denied, 127 S. Ct. 2893 (2007); § 3B1.1 (comment. n.2.). Factors that the district court considers include the exercise of decisionmaking authority, the nature of participation in the commission of the offense, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. § 3B1.1 (comment. n.4).

Testimony established that without Cason's computer and expertise, neither Hunsuckle nor Julian could have committed fraud. Hunsuckle's testimony established that Cason directed her as a secretary when he advised her as to what mail to keep, what mail to throw out, and what to record. Cason mischaracterizes Hunsuckle's testimony that she did not "like" to write checks over a certain amount as testimony that she maintained decisionmaking authority.

Moreover, Cason's emphasis on testimony that he recruited Hunsuckle and that she profited the most from the venture is unavailing. In light of the record as a whole, the finding that Cason functioned as a leader or organizer of the fraud is plausible and is not clear error. See United States v. Gonzales, 436 F.3d 560, 584 (5th Cir.), cert. denied, 126 S. Ct. 2045, and cert. denied, 126 S. Ct. 2362, and cert. denied, 126 S. Ct. 2363, and cert. denied, 127 S. Ct. 157 (2006);United States v. Turner, 319 F.3d 716, 725 (5th Cir. 2003); United States v. Parker, 133 F.3d 322, 330 (5th Cir. 1998).

AFFIRMED.